

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**RECEIVED**

DEC 04 2007  *aew*

DEC 04 2007
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

United States of America ex rel.　　　　)

JULIAN JONES, No. R-32359,　　　　)
(Full name and prison number)　　　　)
(Include name under which convicted)　　)
　　　　　　　　　　　　　　　　)
PETITIONER　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　vs.　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
DONALD HULICK, Warden,　　　　　)
(Warden, Superintendent, or authorized　)
person having custody of petitioner)　　)
　　　　　　　　　　　　　　　　)
RESPONDENT, and　　　　　　　　)
　　　　　　　　　　　　　　　　)
**(Fill in the following blank only if judgment** )
**attacked imposes a sentence to commence** )
**in the future)**　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
ATTORNEY GENERAL OF THE STATE OF )
　　　　　　　　　　　　　　　　)
_____ )
(State where judgment entered)　　　　)

**07C  6852**

CASE NO:_____
(Supplied by Clerk of this Court)

**07CV6852
JUDGE KENDALL
MAGISTRATE JUDGE COX**

Case Number of State Court Conviction:

00-CR-26626-02

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY (I)

1.  Name and location of court where conviction entered: Circuit Court Of Cook County, County Department - Criminal Division, Chicago, Illinois.

2.  Date of judgment of conviction: March 22, 2004.

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
    Count I First Degree Murder based on Accountability Theory.

4.  Sentence(s) imposed: On August 17, 2004, sentenced to thirty (30) years.

5.  What was your plea? (Check one)　　　(A) Not guilty　　(X )
    　　　　　　　　　　　　　　　　(B) Guilty　　　　( )
    　　　　　　　　　　　　　　　　(C) Nolo contendere　( )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

    N/A

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):       Jury ( X )          Judge only (   )

2. Did you testify at trial?       YES (   )          NO       ( X )

3. Did you appeal from the conviction or the sentence imposed? YES ( X )  NO (   )

    (A)  If you appealed, give the

        (1)  Name of court:   Appellate Court of Illinois, First District.

        (2)  Result:   Affirmed conviction and sentence.

        (3)  Date of ruling:   June 21, 2006.

        (4)  Issues raised:   See, Attached, Page 2-A, infra.

    (B)  If you did not appeal, explain briefly why not:

        N/A

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES ( X )       NO (   )

    (A)  If yes, give the

        (1)  Result:   Denial of Petition For Leave To Appeal

        (2)  Date of ruling:   November 29, 2006.

        (3)  Issues raised:   See, Attached Page 2-B, infra.

    (B)  If no, why not:   N/A

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (   )  No ( X )

    If yes, give (A) date of petition: __N/A__   (B) date *certiorari* was denied:   N/A

Revised: 7/20/05

Continued from Page 2, <u>supra</u>.


3.(A)(4)  Issues Raised: (Appellate Court Of Illinois, First
Judicial District, Case No. 04-2417; Affirmed, June 21, 2006.)


(a).  [PETITIONER'S] CONSTITUTIONAL RIGHT TO DUE PROCESS AND
STATUTORY RIGHT TO BE CONVICTED OF THE OFFENSE FOR WHICH HE WAS
INDICTED WERE VIOLATED WHERE THE JURY WAS INSTRUCTED UPON AN
ACCOUNTABILITY THEORY OF GUILT BUT [PETITIONER] WAS NOT INDICTED
UPON THAT THEORY:

(b).  [PETITIONER] WAS NOT PROVEN GUILTY OF MURDER BEYOND A
REASONABLE DOUBT:

(c).  STATE WITNESS USHER'S OUT-OF-COURT STATEMENT WAS
IMPROPERLY ADMITTED INTO EVIDENCE IN VIOLATION OF THE CONFRONTATION
CLAUSE OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, OR
IN THE ALTERNATE, USHER'S OUT-OF-COUNRT STATEMENT WAS IMPROPERLY
ADMITTED INTO EVIDENCE IN VIOLATION OF 725 ILCS 5/115-10.1: and,

(d).  [PETITIONER'S] FUNDMENTAL RIGHT TO A FAIR AND IMPARTIAL
TRIAL WAS VIOLATED BY THE PROSECUTOR'S IMPROPER CLOSING ARGUMENT
REGARDING BULLET TRAJECTORY AND BULLET TYPE:


2-A

Continued from Page 2, supra.

4.(A)(3)  Issues Raised: (Supreme Court Of Illinois, Case No. 103144; Denial Of Petition For Leave To Appeal; November 29, 2006.)

(a).  THE APPELLATE COURT ERRED IN FINDING [STATE'S WITNESS] USHER'S OUT-OF-COURT STATEMENT WAS PROPERLY ADMITTED INTO EVIDENCE WITH NO VIOLATION OF THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND WITH NO VIOLATION OF 725 ILCS 5/115-10.1:

(b).  [PETITIONER'S] FUNDAMENTAL RIGHTS TO A FAIR AND IMPARTIAL TRIAL WERE VIOLATED WHERE STATEMENTS IN CLOSING ARGUMENT REGARDING  BULLET TRAJECTORY AND BULLET TYPE  WERE NOT BASED ON EVIDENCE ADDUCED AT TRIAL, SO THE APPELLATE COURT'S RULING IS IN ERROR:

(c).  THE STATE FAILED TO PROVE [PETITIONER] GUILTY OF MURDER BEYOND A REASONABLE DOUBT: and,

(d).  [PETITIONER'S] CONSTITUTIONAL RIGHT TO DUE PROCESS AND STATUTORY RIGHT TO BE CONVICTED OF THE OFFENSE FOR WHICH HE WAS INDICTED WERE VIOLATED WHERE THE JURY WAS INSTRUCTED UPON AN ACCOUNTABILITY THEORY OF GUILT BUT[PETITIONER] WAS NOT INDICTED UPON THAT THEORY:

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES ( )   NO (X)*

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A.  Name of court: _____ N/A _____

   B.  Date of filing: _____ N/A _____

   C.  Issues raised: _____ N/A _____

   _____

   _____

   D.  Did you receive an evidentiary hearing on your petition?       YES ( )  NO ( )  N/A

   E.  What was the court's ruling?        _____ N/A _____

   F.  Date of court's ruling:        _____ N/A _____

   G.  Did you appeal from the ruling on your petition?       YES ( )  NO ( )  N/A

   H.  (a)  If yes, (1) what was the result?       _____ N/A _____

           (2) date of decision:       _____ N/A _____

       (b)  If no, explain briefly why not: _____ N/A _____

   I.  Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES ( )   NO ( )  N/A

       (a)  If yes, (1) what was the result?   _____ N/A _____

           (2) date of decision:   _____ N/A _____

       (b)  If no, explain briefly why not: _____ N/A _____

_____

\* /    Due to the Statutory deadline on November 29, 2007 for the fil-

      ing of this Habeas Petition,  Petitioner submits unexhausted

      Claims herein and is filing for a stay and abeyance procedure

      in the case sub judice. See MOTION FOR STAY AND ABEYANCE

      PROCEDURE, filed this same date.

Revised:  7/20/05

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES ( )        NO (X)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.    Nature of proceeding        N/A

        2.    Date petition filed        N/A

        3.    Ruling on the petition        N/A

        4.    Date of ruling        N/A

        5.    If you appealed, what was the ruling on appeal?        N/A

        6.    Date of ruling on appeal        N/A

        7.    If there was a further appeal, what was the ruling ?        N/A

        8.    Date of ruling on appeal        N/A

3.    With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?    YES ( )    NO (X)

    A. If yes, give name of court, case title and case number:    N/A

    B. Did the court rule on your petition?  If so, state

        (1) Ruling:    N/A

        (2)    Date:    N/A

4.    With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?    YES ( )        NO (X)

    If yes, explain:    N/A

4

Revised: 7/20/05

## PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one    Setforth infra, with facts in support at page 5-A infra.
Supporting facts (tell your story briefly without citing cases or law):

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL

PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH, EIGHTH, AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THE TRIAL

COURT UNCONSTITUTIONALLY BOARDENED THE FIRST DEGREE MURDER CHARGE

CONTAINED IN THE INDICTMENT BY GIVING A JURY INSTRUCTION ON

ACCOUNTABILITY RESULTING IN PETITIONER BEING TRIED AND CONVICTED ON A

CHARGE THAT WAS NOT BROUGHT IN THE INDICTMENT AGAINST PETITIONER.*

(B) Ground two    Setforth infra, with facts in support at page 5-C infra.
Supporting facts:

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL

PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH, EIGHTH, AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THE STATE

FAILED TO PROVED EACH AND EVERY ELEMENT OF THE CHARGE OF MURDER BEYOND

A REASONABLE DOUBT THIS PETITIONER CAUSED THE DEATH OF TJAUNDELL COLE.

*/      Due to ineffective assistance of appellate counsel in failing

to raise the ineffectiveness of trial counsel, Petitioner will

raise the same in his State Post-Comviction Petition for

exhaustion purposes,if stay and abeyance procedure is allowed.

Revised: 7/20/05

Continued from page 5, supra.

GROUND ONE:  Facts in support.

(A1).  Petitioner was indicted for murder wherein he killed Tyjuandell Cole ("Cole") with the intent to do great bodily harm, wherein he performed acts which caused death, or wherein he knew that such acts created a strong probability of death. (C. 25-37)

(A2).  Petitioner was not indicted on an accountability theory, where he was alleged to have aided or abetted, nor he engaged in a common criminal design, with co-defendant Tracy Hale ("Hale"). The State never presented the theory of accountability to the grand jury. It was prosecutorial misconduct to fail to do so when their theory at trial was to argue the theory of accountability. (See, GROUND Seven, infra.)

(A3).  The Grand Jury which found this indictment was satisfied to charge that Petitioner's conduct caused Cole's death. There is no way to know if the Grand Jury would have been willing to charge that Petitioner  was accountable for the acts of Hale. Nor can it be said with any legal certainty that based on the improper accountability instruction given, Petitioner was convicted soley on the charge made in the indictment the Grand Jury returned.

(A4). The Trial Court gave the jury instruction tendered by the State on accountability and an additional accountability instruction tendered by defense counsel. These improper instructions unconstitutionally boardened the first degree murder contained in the indicted.

5-A

(A5).  Petitioner's defense counsel rendered ineffective assistance of counsel by failing to object to the State's tendered accountability instruction, and compounded said error by offering an additional accountability instruction. (See, GROUND Eight, infra) Defense counsel's ineffectiveness does not excuse the Trial Court's responsibility to protect Petitioner's constitutional rights.

(A6).  The unconstitutionally boardened first degree murder charge by instructing the jury on accountability failed to apprise Petitioner of the precise offense charged with sufficient specificity to enable him to prepare his defense and allow pleading of judgment as a bar to future prosecution arising out of the same conduct and was both a surprise and unfair, resulting in his wrongful conviction.

(A7).  Before Petitioner's trial, co-defendant Hale was found not guilty of all charges. Had the State desided to try Petitioner as being accountable, they had the opportunity to go before the grand jury and obtain an indictment to do so. Instead, they choice to ambush this Petitioner and used the Trial Court and incompetency of defense counsel to boarden the indictment in violation of the Constitution and United States Supreme Court law, resulting in prejudice to Petitioner.

(A8).  That based on the facts setforth in paragraphs A1 through A7 supra, and considering the compounding of said errors contained infra, the violation of Petitioner's constitutional rights entitles him to the granting of the Writ and requested relief thereof.

5-B

Continued from page 5, supra.

GROUND TWO:  Facts in support.

(B1).  Petitioner was indicted for the murder wherein he killed Tyuandell Cole with the intent to do great bodily harm, wherein he performed acts which caused death, or wherein he knew that such acts created a strong probability of death. (C. 25-37)

(B2).  The State failed to prove each and every element of the charge of murder beyond a reasonable doubt this Petitioner caused the death of Cole. The State, for all intent and purpose, concede their failure whereas in their Brief to the Appellate Court of Illinois, First Judicial District, argue they proved the charge based on accountability, not the charge as contained in the indictment.

(B3).  The only evidence presented at trial against Petitioner came from witnesses unworthy of belief, being incredible, improbable, unsatisfactory and inconclusive, totally failing to prove each and every element of the charge of murder beyond a reasonable doubt.*

---

*__ /

   Petitioner has diligently attempted to obtain the official copy of the Common Law Record and Report of Proceedings Transcripts of the State trial court, but has been unsuccessful despite the fact Petitioner's family paid for the transcribing of the same. In accordance with 28 U.S.C §2254(f), because Petitioner is not able to produce the record pertinent to a determination of the sufficiency of evidence, both due to his indigency and the State Court's refusal to provide said Record, Petitioner requests this Court direct the State to produce the Record. (See, Pliler v Ford (2004), 542 U.S. 225, 232 f/n2, 124 S.Ct. 2241, 2246 f/n2.)

5-C

(B4).  Petitioner's position is further supported and
strengthen by the fact that co-defendant Hale was found "not"
guilty at a separate trial prior to Petitioner's trial based on
the exact same facts and evidence. Due to defense counsel's
incompetency, in failing to investigate and interview Hale,
despite Petitioner's request to do so, and Hale was not called
to testify on behalf of Petitioner.

(B5).  That based on the facts setforth in paragraph B1
through B4 supra, and compounding of said errors contained
in the other Grounds setforth herein, the violation of this
Petitioner's constitutional rights entitles him to the granting
of the Writ and requested relief thereof.

5-D

(C) Ground three   Set forth _infra_, with facts in support at page 6-A _infra_.
Supporting facts:

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL

PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH, EIGHTH, AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THE

TRIAL COURT UNCONSTITUTIONALLY DEPRIVED PETITIONER OF HIS RIGHT UNDER

THE CONFRONTATION CLAUSE BY IMPROPERLY ADMITTING STATE WITNESS PATRICK

USHER'S OUT-OF-COURT            STATEMENT, AND 725 ILCS 5/115-10.1  IS

UNCONSTITUTIONAL AS APPLIED IN THE MATTER AT BAR.


(D) Ground four   Set forth _infra_, with facts in support at page 6-C _infra_.
Supporting facts:

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL

PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH, EIGHTH, AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THIS

PETITIONER'S FUNDAMENTAL RIGHTS TO A FAIR AND IMPARTIAL TRIAL WERE

SUBSTANTIALLY DENIED BY THE PREVASIVE PATTERN OF PROSECUTORIAL

MISCONDUCT THROUGHOUT THE TRIAL PROCEEDINGS, SPECIFICALLY IN MAKING

PREJUDICIAL STATEMENTS IN CLOSING ARGUMENTS REGARDING BULLET TRAJECTORY

AND BULLET TYPE WHICH WERE NOT BASED ON THE EVIDENCE ADDUCED AT TRIAL.


2.   Have all grounds raised in this petition been presented to the highest court having jurisdiction?

YES ( )  NO (x)

3.   If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

Grounds Five through Nine _infra_, were not presented due to Petitioner's

inability to file the State Post-Conviction Petition,   which he seeks

to file if stay and abeyance is allowed and would present the same.

                          Revised: 7/20/05

Continued from page 6, supra.

GROUND THREE:  Facts in support.

(C1).  Petitioner's right under the Confrontation Clause was violated by the improper admission of State witness Patrick Usher's out-of-court statement, being used as substantial evidence against Petitioner resulting in prejudice that contributed to his wrongly conviction.

(C2).  The State called Patrick Usher ("Usher") as a witness in its case. After consulting with court appointed counsel, Usher invoked his Fifth Amendment right against self incrimination. The trial court asked for a proffer of Usher's expected testimony and informed Usher's counsel said testimony would not fall under the purview of the Fifth Amendment. After again consulting with his counsel, Usher testified. The refusal to permit Usher to plead the Fifth, amounts to forcing him to testify and there is no way of knowing if said coercion effected the truthfulness of Usher's eventual testimony, thus depriving Petitoner his right to confront Usher and unconstitutionally allowed the State to use Usher's out-of-court statement against Petitioner.

(C3).  Due to incompetency of defense counsel, the cross-examination of Usher did not meet the constitutional requirement of the Confrontation Clause. Although it is well settled that the Confrontation Clause guarantees an opportunity for effective cross-examination, defense counsel failed to provide anything close to an effective cross. It is clear the Sixth Amendment was violated.

6-A

(C4).   Petitioner's Due Process and Equal Protection rights were violated by the improper admission of Usher's out-of-court statement in violation of Section 155-10.1 of the Code of Criminal Procedure of 1963 ("Code") (725 ILCS 5/115-10.1)(West 2000). Where the State is permitted to violate the law, as in the case sub judice, Petitioner was unable to prepare a defense and was unduly prejudiced, thus violating his federal constitutional rights.

(C5).   Petitioner's rights were further violated by the trial court sending Patrick Usher's written statement back to the jury during deliberation, along with State Exhibits A through F attached to it. The out-of-court statement contained non-personal knowledge information, with the photographs (Exhibits A through F) being admitted in err because they were not inconsistent statements required by Section 115-10.1 of the Code nor were they personal knowledge items. The fact that Usher's out-of-court statement was read to the jury during the testimony of State witnesses Assistant State's Attorney Terry Riley (R. 697) and Officer Thomas Rogers (R. 788), which is improper standing alone, but to send said out-of-court statement to the jury during deliberation compounds the prejudice and obviously a factor in the wrongful conviction.

(C6).   That based on the facts setforth in paragraphs C1 through C5 supra, it clear the use of Usher's out-of-court statement violated Petitioner's constitutional rights entitling his to the granting  of the Writ and the requested relief thereof.

6-B

Continued from page 6, supra.

GROUND FOUR:  Facts in support.

(D1).  Petitioner was deprived of his fundamental right to a fair and impartial trial by the prevasive pattern of prosecutorial misconduct through the trial proceedings, specifically in making the prejudicial statements in closing argument regarding bullet trajectory and bullet type which were not based on the evidence adduced at trial, said conduct being a contributing factor in the wrongful conviction of this Petitioner.

(D2).  The State's Attorney misstated the evidence three times in closing arguments (R. 935; R. 1017-18; R. 1018-19). Said remarks misrepresented the evidence at trial and prejudiced Petitioner and said prejudice was compounded by the cumulative effect of those improper remarks. Defense counsel's incompetency in failing to object to said remarks does not excuse the State's misconduct, it is further support of how fundamentally unfair Petitioner's trial actually was.

(D3).  That based on the facts setforth in paragraphs D1 and D2 supra, in combination with the constitutional errors in Grounds One through three supra, and Grounds Five through Nine, infra, its clear Petitioner's constitutional rights have been substantially violated, thus, entitling him to the granting of the Writ and relief requested thereof.

6-C

Continued from page 6, supra.


GROUND FIVE:

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS,
EQUAL PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH,
EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION WHERE IS HE ACTUALLY INNOCENT OF THE CRIMES FOR
WHICH HE WAS CONVICTED.

Facts in support:*

(E1). Petitioner has always maintained his innocence in the

murder of Tjaundell Cole. At trial the evidence was incredible and

nearly legally nonexistent, i.e., two eye witnesses were under the

infuluence of drugs at the time of the crime, which they were the

alleged target, both were convicted felons and gang members, who

made deals in exchange for their testimony and had lied to police

about how they deposed of their weapons; there was no confession

by Petitioner, no murder weapon presented as evidence and the State's

attempt to connect any weapon failed miserably.

---

* /

    Petitioner has been unable to obtain the official Common Law
Record and Report of Proceedings Transcript, nor relevant
materials from previous counsel, despite his due diligence
in attempting to obtain the same. Petitioner has located a
number of witnesses, from whom he will obtain affidavits in
support of this constitutional claim of error. Due to the
fact this claim has not been exhausted, as is the case with
the remaining unexhausted claims infra, if the Motion for
Stay and Abeyance Procedure is granted, Petitioner will be
able to present all relevant facts in support of all the
unexhausted claims in the State Court and upon return to this
Court will present the perfect Habeas petition with all the
facts Petitioner is unable to present at this time.

(E2).    Due to defense counsel's incompetency in refusing to allow Petitioner to testify despite his repeated requests to take the stand at trial and testify in his own defense, the jury never heard Petitioner side of the story. (See, Ground Six, infra.)

(E3).    Due to defense counsel's incompetency in failing to investigate and interview witnesses as requested by Petitioner, the jury never heard from witnesses nor was presented with material evidence that supported Petitioner's defense of actual innocence. (See, Ground Eight, infra.)

(E4). This claim of actual innocence is based on factual innocence, not merely legal insufficiency, which is the issue setforth in Ground Two, supra. Had the jury heard the testimony of Petitioner and his  viable witnesses, and heard the evidence of his actual innocence of the underlying charge, more likely than not, the jury would not have convicted Petitioner because the favorable evidence could reasonably be taken to put the whole case in such a different light that any court would question confidence in the verdict. To continue to imprison Petitioner who is actually innocent of the murder of Cole would be to continue the fundamental miscarriage of justice he has suffered since his conviction.

(E5).    Based on the facts setforth in paragraphs E1 through E4, supra, in combination with the constitutional violations setforth in Grounds One through Four, supra, and Grounds Six through Nine, infra, the substantial deprivation of Petitioner's constitutional rights entitles him to the granting of the Writ and relief requested thereof.

Continued **from** page 6, <u>supra</u>.

GROUND SIX:

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS,
EQUAL PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH,
EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION WHERE TRIAL COUNSEL REFUSED TO ALLOW PETITIONER
TO TESTIFY ON HIS OWN BEHALF AND THE TRIAL COURT DID NOT
OBTAIN A KNOWING AND VOLUNTARY WAIVER FROM PETITIONER OF HIS
FUNDAMENTAL RIGHT TO TESTIFY.

Facts in support:

(F1). Petitioner was represented during pre-trial and trial
proceedings in the case <u>sub judice</u> by attorney Irvin Federman, who
was retained by Petitioner's family.

(F2). Petitioner informed Mr. Federman from the beginning of
his representation of his desire to testify in his own behalf and
on numerous occasions before and during trial proceedings told him
that he wanted to testify as to his innocence.

(F3). That despite Petitioner specifically and repeatedly
telling Mr. Federman he wanted to testify, he refused to allow
Petitioner to testify at trial. To compound this error, Mr. Federman
never informed Petitioner that he had a constitutional right to
testify, nor that Petitioner had the ulimate authority to make the
fundamental decision whether to testify in his own defense.

(F4). The Trial Court never inquired of Petitioner if he wanted
to testify, nor inform him of his constitutional right to testify.
The trial court further abused his discretion by failing to obtain a
knowing and voluntary waiver from Petitioner of his right to testify.

6-F

(F5).  Petitioner has no legal education or knowledge of the law or legal process. As such, depended on advise of counsel. He did not know he could personally address the judge without the judge requesting the same and had previously been told of other defendants being removed from the courtroom for such acts. This Petitioner can not be expect to make a record of his desire to testify and counsel's refusal to allow him to do so. Petitioner only became aware of his right to testify after consulting with the Prisoner At Law currenting assisting with his appeals.

(F6).  Had Petitioner known of his constitutional right to testify and that it was his decision to make and not Mr. Federman's decision, he would have testified in his own defense as to his innocence. Petitioner's lack of understanding is in no way a knowing or voluntary waiver of his fundamental right to testify.

(F7).  Based on the facts setforth in paragraphs F1 through F5 supra, in combination with the constitutional violations setforth in Grounds One through Five, supra, and Grounds Seven through Nine, infra, the substantial deprivation of Petitioner's constitutional rights entitles him to the granting of the Writ and relief requested thereof.

6-G

Continued from page 6, supra.

GROUND SEVEN:

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THIS PETITIONER'S FUNDAMENTAL RIGHT TO A FAIR AND IMPARTIAL JURY TRIAL WAS SUBSTANTIALLY DENIED BY THE PERVASIVE PATTERN OF ERROR ENGERDERED IN THE MAIN BY PROSECUTORIAL MISCONDUCT WHICH DIVESTED PETITIONER OF HIS RIGHT TO A FAIR, ORDERLY AND IMPARTIAL TRIAL.

Facts in support:

(G1).  It was prosecutorial misconduct for the State to not present the theory of accountability to the grand jury and obtain an indictment on said charge of murder based on accountability and then during trial, argue the theory of accountability at trial. (See, Ground One, par. A2, at page 5-A, supra.)

(G2).  It was prosecutorial misconduct to bring Petitioner to trial, knowing there was insufficient evidence to prove each and every element of the charge of murder beyond a reasonable doubt this Petitioner caused the death of Cole. This is especially obvious by the fact the co-defendant Hale was found "not" guilty based on the same exact facts and evidence in a trial prior to Petitioner's trial. (See, Ground Two, par.(s) B1-B4, at pages 5-C and 5-D, supra.)

(G3).  It was prosecutorial misconduct to call State witness Usher  knowing that he would refused to testify and had previously recanted his prior statement in order to present as substantial evidence his prior inconsistent statement in violation of both the Confrontation Clause and Section 115-10.1 of the Code. (See, Ground Three, par.(s) C1-C5, at pages 6-A and 6-B, supra.)

6-H

(G4).  It was prosecutorial misconduct to make prejudicial remarks during closing arguments regarding bullet trajectory and bullet type which were not based on the evidence adduced at trial. (See, Ground Four, par.(s) D1-D2, at page 6-C, supra.)

(G5).  There were other acts of prosecutorial misconduct in the case sub judice, but due to Petitioner being unable to obtain the Record at the time of this filing, is unable to setforth the facts of said misconduct, but reserves the right to raise the same in the perfected H.C. Pettion after exhaustion in State court.

(G6).  That based on the facts setforth in paragraphs G1 through G5, supra, and considering the compounding of the errors contained in Grounds One through Six, supra, and Grounds Eight through Nine,  infra, the substantial deprivation of Petitioner's constitutional rights entitles him to the granting of the Writ and relief requested thereof.

6-I

Continued from page 6, supra.


GROUND EIGHT:

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS,
EQUAL PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH,
EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION WHERE TRIAL COUNSEL IRVIN FEDERMAN FAILED TO
RENDER LEGAL ASSISTANCE WHEREAS HIS PERFORMANCE WAS DEFICIENT
AND    THE DEFICIENT PERFORMANCE PREJUDICED PETITIONER AND
AS A RESULT PETITIONER'S TRIAL RESULT IS UNJUST AND UNRELIABLE.

Facts in support:

(H1).  Mr. Federman rendered ineffective assistance of counsel

when he failed to conduct any investigation in preparing a defense.

(H2).  Mr. Federman failed to interview witnesses Petitioner

informed him of being able to provide evidence of his innocence,

including, but not limited to, Tracy Hale, Carmen Blevins, Antawan

Davis, Michelle McKinley, and Antone Camp. Mr. Federman failed to

call any of these named witnesses in Petitioner's defense. [This

Petitioner will be presenting said witnesses affidavits in the

State Post Conviction proceedings.]

(H3).  Mr. Federmanfailed to hire any expert witnesses to

support Petitioner's defense to refute the State's witnesses who

testified regarding the cause of death and the ballistic evidence.

(H4).  Mr. Federman failed to file any pre-trial motions or

motion in limine that a competent attorney would have filed.

(H5).  Mr. Federman failed to object to the unconstitutional

boardening of the first degree murder charge and the State's jury

instruction on accountability and compounded the error by tendering

6-J

an additional jury instruction on accountability. (<u>See</u>, Ground One, Par.(s) A7 - A7 at pages 5-A and 5-B, <u>supra</u>.)

(H6).  Mr. Federman failed to object to the use of State witness Usher's out-of-court statement being presented as substantial evidence and compounded the error by the inadequate and ineffective cross-examination of Usher. (<u>See</u>. Ground Three, par.(s) C1 - C5 at pages 6-A and 6-B, <u>supra</u>.)

(H7). Mr. Federman failed to object to the improper and prejudicial remarks by the prosecutor in closing argument regarding bullet projectory and bullet type which were not based on the evidence adduced at trial. (<u>See</u>, Ground Four, par.(s) D1 - D2 at page 6-C, <u>supra</u>.)

(H8).  Mr. Federman failed to present the evidence of Petitioner being actual innocent resulting in his wrongful conviction. (<u>See</u>, Ground Five, par.(s) E1 - E4 at pages 6-D and 6-E, <u>supra</u>.)

(H9).  Mr. Federman failed to inform Petitioner of his constitutional right to testify and refused to allow Petitioner to testify on his own behalf despite Petitioner's repeated request to testify. (<u>See</u>, Ground Six, par.(s) F1 - F6 at pages 6-F and 6-H <u>supra</u>.)

(H10). Mr. Federman failed to object to the pervasive pattern of prosecutorial misconduct which resulted in Petitioner being denied a fair, orderly and impartial trial. (<u>See</u>, Ground Seven, par.(s) G1 - G5 at pages 6-H and 6-I, <u>supra</u>.)

6-K

(H11).  There were other acts and/or omissions by Mr. Federman
in his representation of Petitioner that amounted to ineffective
assistance of counsel that prejudiced Petitioner, but due to not
being able to yet obtain the Record in the case sub judice, is
unable to setforth said incompetency, but reserves the right to
raise the same in the perfected H.C. Petition after exhaustion
in the State court.

(H12).  The Cumulative Effect Doctrine applies to the numerous
failures on part of Mr. Federman, whereas both individually, and
cumulative the deficient performance which prejuediced Petitioner
denied Petitioner his constitutional rights and entitles him to
the granting of the Writ and relief requested thereof.


Ground NINE:

PETITIONER WAS DENIED  HIS CONSTITUTIONAL RIGHT TO DUE PROCESS,
EQUAL PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH,  SIXTH,
EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION WHERE APPELLATE COUNSEL'S FAILURE TO RAISE ALL
MERITORIOUS CLAIMS OF ERROR ON APPEAL.

Facts in support.

(I1).  Petitioner was denied effective assistance of appellate
counsel where said counsel failed to raise and argue on direct
appeal all meritious claims of error as setforth in Grounds Five
through Eight, supra, and those facts being incorporated herein
as if fully setforth herein for consideration by reference.

6-L

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing __N/A__

(B) At arraignment and plea __Irvin Federman (address unknown)__

(C) At trial __Irvin Federman__

(D) At sentencing __Michael D. Ettinger, Ettinger, Besbekos & Parisi PC *__

(E) On appeal __Joseph A. Parisi, Ettinger, Besbekos & Parisi PC__

(F) In any post-conviction proceeding __Herb Goldberg (address unknown)__

(G) Other (state): __Post-Trial proceedings - Michael D. Ettinger__

__* / 10059 S. Roberts Road, Palos Hills, Illinois  60465.__

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES (  )  NO ( X )

Name and location of the court which imposed the sentence: __N/A__

Date and length of sentence to be served in the future __N/A__

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: __November 27, 2007.__
     (Date)

_____
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_Julian Jones_
(Signature of petitioner) Julian Jones, Pro Se

__R-32359__
(I.D. Number)

__Menard Correctional Center__
(Address) P.O. Box 711  SU-6-29
         Menard, Illinois  62259

Revised: 7/20/05

STATE OF ILLINOIS   )
                    )  SS.
COUNTY OF RANDOLPH  )

<u>CERTIFICATION OF VERIFICATION</u>

I, Julian Jones, being first duly sworn upon oath, hereby certifies under the penalty of perjury pursuant to 28 U.S.C §1746, that I am the Petitioner in the above-entitled cause, that I have read the attached PETITION FOR WRIT OF HABEAS CORPUS-PERSON IN STATE CUSTODY, which was prepared by a Prisoner At Law assisting me, and I fully understand the claims raised therein and the law concerning the unexhausted claims after being advised of the law, and the facts stated therein are true and correct in substance and in fact based on my personal knowledge, and the facts stated on information and belief are true to the best of my knowledge and belief.

I, Julian Jones, further certifies under the penalty of perjury that I have filed the attached PETITION FOR WRIT OF HABEAS CORPUS-PERSON IN STATE CUSTODY, in a timely fashion, by depositing the same in the internal institutional mail system at the Menard Correctional Center, Menard, Illinois in accordance with IDOC procedure and policy and as required by Rule 3(d) of Rules Governing Section 2254 Cases, with sufficient prepaid postage and properly addressed to the Clerk of this Court and served upon opposing parties on November 27, 2007.

DATE: <u>November 27, 2007</u>

/s/ _Julian Jones_____
    Julian Jones - Affiant

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

United States of America ex rel.                     )
                                                      )
JULIAN JONES, No. R-32359                            )
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                         )
(Full name and prison number)                        )
(Include name under which convicted)                 )
                                                      )
PETITIONER                                            )      CASE NO:‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                                      )          (Supplied by Clerk of this Court)
      vs.                                             )
                                                      )
DONALD HULICK, Warden,                               )
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                         )
(Warden, Superintendent, or authorized               )
person having custody of petitioner)                 )
                                                      )
RESPONDENT, and                                       )
                                                      )
**(Fill in the following blank <u>only</u> if judgment**   )
**attacked imposes a sentence to commence**           )
**in the future)**                                    )
                                                      )
ATTORNEY GENERAL OF THE STATE OF                     )      Case Number of State Court Conviction:
                                                      )
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                         )      00-CR-26626-02
(State where judgment entered)                       )      ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY (II)

1. Name and location of court where conviction entered: Circuit Court Of Cook County, County Department - Criminal Division, Chicago, Illinois.

2. Date of judgment of conviction: March 22, 2004.

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

   Count I  First Degree Murder based on Accountability Theory.

4. Sentence(s) imposed: On August 17, 2004, sentenced to thirty (30) years.

5. What was your plea? (Check one)       (A) Not guilty        ( X )
                                         (B) Guilty            ( )
                                         (C) Nolo contendere   ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

   N/A

Revised: 7/20/05

**PART I – TRIAL AND DIRECT REVIEW**

1.   Kind of trial: (Check one):          Jury ( X )          Judge only (  )

2.   Did you testify at trial?          YES (  )          NO     ( X )

3.   Did you appeal from the conviction or the sentence imposed? YES ( X )  NO (  )

   (A)  If you appealed, give the

      (1)   Name of court:   Appellate Court of Illinois, First District.

      (2)   Result:   Affirmed conviction and sentence.

      (3)   Date of ruling:   June 21, 2006.

      (4)   Issues raised:   (See, Attached, Page 2-A, infra.)

   (B)  If you did not appeal, explain briefly why not:

      N/A

4.   Did you appeal, or seek leave to appeal, to the highest state court?  YES ( X )          NO (  )

   (A)  If yes, give the

      (1)   Result:   Denial of Petition For Leave to Appeal.

      (2)   Date of ruling:   November 29, 2006.

      (3)   Issues raised:   (See, Attached, Page 2-B, infra.)

   (B)  If no, why not:   N/A

5.   Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (  )  No ( X )

   If yes, give (A) date of petition:   N/A     (B) date *certiorari* was denied:     N/A

Revised: 7/20/05

Continued from Page 2, _supra_.


3.(A)(4)  Issues Raised: (Appellate Court Of Illinois, First
Judicial District, Case No. 04-2417; Affirmed, June 21, 2006.)


(a).  [PETITIONER'S] CONSTITUTIONAL RIGHT TO DUE PROCESS AND
STATUTORY RIGHT TO BE CONVICTED OF THE OFFENSE FOR WHICH HE WAS
INDICTED WERE VIOLATED WHERE THE JURY WAS INSTRUCTED UPON AN
ACCOUNTABILITY THEORY OF GUILT BUT [PETITIONER] WAS NOT INDICTED
UPON THAT THEORY:

(b).  [PETITIONER] WAS NOT PROVEN GUILTY OF MURDER BEYOND A
REASONALE DOUBT:

(c).  STATE WITNESS USHER'S OUT-OF-COURT STATEMENT WAS
IMPROPERLY ADMITTED INTO EVIDENCE IN VIOLATION OF THE CONFRONTATION
CLAUSE OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, OR
IN THE ALTERNATE, USHER'S OUT-OF-COURT STATEMENT WAS IMPROPERLY
ADMITTED INTO EVIDENCE IN VIOLATION OF 725 ILCS 5/115-10.1: and,

(d).  [PETITIONER'S] FUNDAMENTAL RIGHT TO A FAIR AND IMPARTIAL
TRIAL WAS VIOLATED BY THE PROSECUTOR'S IMPROPER CLOSING ARGUMENT
REGARDING BULLET TRAJECTORY AND BULLET TYPE:


2-A

Continued from Page 2, <u>supra</u>.


4.(A)(3)  Issues Raised: (Supreme Court Of Illinois, Case No.
103144; Denial Of Petition For Leave To Appeal; November 29, 2006.)


(a).  THE APPELLATE COURT ERRED IN FINDING [STATE'S WITNESS]
USHER'S OUT-OF-COURT STATEMENT WAS PROPERLY ADMITTED INTO EVIDENCE
WITH NO VIOLATION OF THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT
OF THE UNITED STATES CONSTITUTION AND WITH NO VIOLATION OF 725 ILCS
5/115-10.1:

(b).  [PETITIONER'S] FUNDAMENTAL RIGHTS TO A FAIR AND IMPARTIAL
TRIAL WERE VIOLATED WHERE STATEMENTS IN CLOSING ARGUMENT REGARDING
BULLET TRAJECTORY AND BULLET TYPE WERE NOT BASED ON EVIDENCE ADDUCED
AT TRIAL, SO THE APPELLATE COURT'S RULING IS IN ERROR:

(c). THE STATE FAILED TO PROVE [PETITIONER] GUILTY OF MURDER
BEYOND A REASONABLE DOUBT: and,

(d).  [PETITIONER'S] CONSTITUTIONAL RIGHT TO DUE PROCESS AND
STATUTORY RIGHT TO BE CONVICTED OF THE OFFENSE FOR WHICH HE WAS
INDICTED WERE VIOLATED WHERE THE JURY WAS INSTRUCTED UPON AN
ACCOUNTABILITY THEORY OF GUILT BUT [PETITIONER] WAS NOT INDICTED
UPON THAT THEORY:


2-B

## PART II – COLLATERAL PROCEEDINGS

1.  With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

    YES ( )   NO (X) *

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A. Name of court:  ___N/A_____

    B. Date of filing:  ___N/A_____

    C. Issues raised:  ___N/A_____

    _____

    _____

    D. Did you receive an evidentiary hearing on your petition?      YES ( )   NO ( )   N/A

    E. What was the court's ruling?   ___N/A_____

    F. Date of court's ruling:  _____N/A_____

    G. Did you appeal from the ruling on your petition?      YES ( )   NO ( )   N/A

    H. (a)   If yes, (1) what was the result?   ____N/A_____

    (2) date of decision:   ____N/A_____

    (b)   If no, explain briefly why not: _____N/A_____

    1.  Did you appeal, or seek leave to appeal this decision to the highest state court?

        YES ( )   NO ( )   N/A

        (a)   If yes, (1) what was the result?   ____N/A_____

        (2) date of decision:   ____N/A_____

        (b)   If no, explain briefly why not: _____N/A_____

_____

* /    Petitioner has been unable to file a Post-Conviction Petition in
       State Court, but intends to file the same as soon as possible.
       Due to the Statutory deadline on November 29, 2007 for the filing
       of this Habeas Petition, Petitioner is not filing any claims that
       have yet to be exhausted by the State Court in this Petition.

Revised: 7/20/05

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES (  )    NO (X)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

| | | |
|---|---|---|
| 1. | Nature of proceeding | N/A |
| 2. | Date petition filed | N/A |
| 3. | Ruling on the petition | N/A |
| 4. | Date of ruling | N/A |
| 5. | If you appealed, what was the ruling on appeal? | N/A |
| 6. | Date of ruling on appeal | N/A |
| 7. | If there was a further appeal, what was the ruling? | N/A |
| 8. | Date of ruling on appeal | N/A |

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?    YES (  )    NO (X)

    A. If yes, give name of court, case title and case number:  N/A

    B. Did the court rule on your petition? If so, state

        (1) Ruling:  N/A

        (2)  Date:  N/A

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?    YES (  )    NO (X)

    If yes, explain:  N/A

4

Revised: 7/20/05

## PART III – PETITIONER'S CLAIMS

1.   State briefly every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  You may attach additional pages stating additional grounds and supporting facts.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)  Ground one  <u>Setforth infra, with facts in support at page 5-A infra</u>.
Supporting facts (tell your story briefly without citing cases or law):

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL

PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH, EIGHTH, AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THE TRIAL

COURT UNCONSTITUTIONALLY BOARDENED THE FIRST DEGREE MURDER CHARGE

CONTAINED IN THE INDICTMENT BY GIVING A JURY INSTRUCTION ON ACCOUNT-

ABILITY RESULTING IN PETITIONER BEING TRIED AND CONVICTED ON A CHARGE

THAT WAS NOT BROUGHT IN THE INDICTMENT AGAINST PETITIONER.*

(B)  Ground two  Setforth infra, with facts in support at page 5-C  infra.
Supporting facts:

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL

PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH, EIGHTH, AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THE STATE

FAILED TO PROVE EACH AND EVERY ELEMENT OF THE CHARGE OF MURDER BEYOND A

REASONABLE DOUBT THIS PETITIONER CAUSED THE DEATH OF TJAUNDELL COLE.

*_/  Due to ineffective assistance of appellate counsel in failing to
     raise the ineffectiveness of trial counsel and Petitioner being
     unable to file a Post-Conviction Petition in State court yet,
     Petitioner reserves the right to raise the same upon exhaustion.

Revised: 7/20/05

Continued from page 5, supra.

GROUND ONE:  Facts in support.

(A1).  Petitioner was indicted for murder wherein he killed Tyuandell Cole ("Cole") with the intent to do great bodily harm, wherein he performed acts which caused death, or wherein he knew that such acts created a strong probability of death. (C. 25-37)

(A2).  Petitioner was not indicted on an accountability theory, where he was alleged to have aided or abetted, nor he engaged in a common criminal design, with co-defendant Tracy Hale ("Hale"). The State never presented the theory of accountability to the grand jury. It was prosecutorial misconduct to fail to do so when their theory at trial was to argue the theory of accountability.

(A3).  The Grand Jury which found this indictment was satisfied to charge that Petitioner's conduct caused Cole's death. There is no way to know if the Grand Jury would have been willing to charge that Petitioner was accountable for the acts of Hale. Nor can it be said with any legal certainty that based on the improper accountability instruction given, Petitioner was convicted solely on the charge made in the indictment the Grand Jury returned.

(A4).  The Trial Court gave the jury instruction tendered by the State on accountability and an additional accountability instruction tendered by defense counsel. These improper instructions unconstitutionally boardened the first degree murder contained in the indictment.

5-A

(A5).  Petitioner's defense counsel rendered ineffective assistance of counsel by failing to object to the State's tendered accountability instruction, and compounded said error by offering an additional accountability instruction. Defense counsel's ineffectiveness does not excuse the Trial Court's responsibility to protect Petitioner's constitutional rights.

(A6).  The unconstitutionally boardened first degree murder charge by instructing the jury on accountability failed to apprise Petitioner of the precise offense charged with sufficient specificity to enable him to prepare his defense and allow pleading of judgment as to bar to future prosecution arising out of the same conduct and was both a surprise and unfair, resulting in his wrongful conviction.

(A7).  Before Petitioner's trial, co-defendant Hale was found not guilty of all charges. Had the State desided to try Petitioner as being accountable, they had the opportunity to go before the grand jury and obtain an indictment to do so. Instead, they **chose** to ambush this Petitioner and use the Trial Court and incompetency of defense counsel to boarden the indictment in violation of the Constitution and United States Supreme Court law, resulting in prejudice to Petitioner.

(A8).  That based on the facts setforth in paragraphs A1 through A7 supra, and considering the compounding of said error contained infra, the violation of Petitioner's constitutional rights entitles him to the granting of the Writ and requested relief thereof.

5-B

Continued from page 5, supra.

GROUND TWO:  Facts in support.

(B1).  Petitioner was indicted for the murder wherein he killed Tyuandell Cole with the intent to do great bodily harm, wherein he performed acts which caused death, or wherein he knew that such acts created a strong probability of death. (C. 25-37)

(B2).  The State failed to prove each and every element of the charge of murder beyond a reasonable doubt this Petitioner caused the death of Cole. The State, for all intent and purpose, concede their failure whereas in their Brief to the Appellate Court of Illinois, First Judicial District, argue they proved the charge based on accountability, not the charge as contained in the indictment.

(B3).  The only evidence presented at trial against Petitioner came from witnesses unworthy of belief, being incredible, improbable, unsatisfactory and inconclusive, totally failing to prove each and every element of the charge of murder beyond a reasonable doubt.*

---

* /

Petitioner has diligently attempted to obtain the official copy of the Common Law Record and Report of Proceedings Transcripts of the State trial court, but has been unsuccessful despite the fact Petitioner's family paid for the transcribing of the same. In accordance with 28 U.S.C. §2254(f), because Petitioner is not able to produce the record pertinent to a determination of the sufficiency of evidence, both due to his indigency and the State Court's refusal to provide said Record, Petitioner requests this Court direct the State to produce the Record. (See, Pliler v. Ford (2004), 542 U.S. 225, 232 f/n2, 124 S.Ct. 2241, 2246 f/n2.)

(B4).  Petitioner's position is further supported and
strengthen by the fact that co-defendant Hale was found "not"
guilty at a separate trial prior to Petitioner's trial based on
the exact same facts and evidence. Due to defense counsel's
incompetency, in failing to investigate and interview Hale,
despite Petitioner's request to do so, and Hale was not called
to testify on behalf of Petitioner.

(B5).  That based on the facts setforth in paragraph B1
through B4 supra, and the compounding of said errors contained
in the other Grounds setforth herein, the violation of this
Petitioner's constitutional rights entitles him to the granting
of the Writ and requested relief thereof.

(C) Ground three __Setforth infra, with facts in support at page 6-A infra.__
Supporting facts:

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL

PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH, EIGHTH, AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THE

TRIAL COURT UNCONSTITUTIONALLY DEPRIVED PETITIONER OF HIS RIGHT UNDER

THE CONFRONTATION CLAUSE BY IMPROPERLY ADMITTING STATE WITNESS PATRICK

USHER'S OUT-OF-COURT        STATEMENT, AND 725 ILCS 5/115-10.1  IS

UNCONSTITUTIONAL AS APPLIED IN THE MATTER AT BAR.


(D) Ground four __Setforth infra, with facts in support at page 6-C infra.__
Supporting facts:

PETITIONER  WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL

PROTECTION AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH, EIGHTH, AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THIS

PETITIONER'S FUNDAMENTAL RIGHTS TO A FAIR AND IMPARTIAL TRIAL WERE

SUBSTANTIALLY DENIED BY THE PREVASIVE PATTERN OF PROSECUTORIAL

MISCONDUCT THROUGHOUT THE TRIAL PROCEEDINGS, SPECIFICALLY  IN MAKING

PREJUDICIAL STATEMENTS IN CLOSING ARGUMENTS REGARDING BULLET TRAJECTORY

AND BULLET TYPE WHICH WERE NOT BASED ON EVIDENCE ADDUCED AT TRIAL.


2.  Have all grounds raised in this petition been presented to the highest court having jurisdiction?

YES (x)  NO ( )

3.  If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

N/A


6                                Revised: 7/20/05

Continued from page 6, supra.

GROUND THREE:   Facts in support.

(C1).   Petitioner's right under the Confrontation Clause was violated by the improper admission of State witness Patrick Usher's out-of-court statement, being used as substantial evidence against Petitioner resulting in prejudice that contributed to his wrongful conviction.

(C2).   The State called Patrick Usher ("Usher") as a witness in its case. After consulting with court appointed counsel, Usher invoked his Fifth Amendment right against self incrimination. The trial court asked for a proffer of Usher's expected testimony and informed Usher's counsel said testimony would not fall under the purview of the Fifth Amendment. After again consulting with his counsel, Usher testified. The refusal to permit Usher to plead the Fifth, amounts to forcing him to testify and there is no way of knowing if said coercion effected the truthfulness of Usher's eventual testimony, thus depriving Petitioner his right to confront Usher and unconstitutionally allowed the State to use Usher's out-of-court statement against Petitioner.

(C3).   Due to incompetency of defense counsel, the cross-examination of Usher did not meet the constitutional requirement of the Confrontation Clause. Although it is well settled that the Confrontation Clause guarantees an opportunity for effective cross-examination, defense counsel failed to provide anything close to an effective cross. It is clear the Sixth Amendment was violated.

6-A

(C4).  Petitioner's Due Process and Equal Protection rights were violated by the improper admission of Usher's out-of-court statement in violation of Section 115-10.1 of the Code of Criminal Procedure of 1963 ("Code") (725 ILCS 115-10.1)(West 2000). Where the State is permitted to violate the law, as in the case sub judice, Petitioner was unable to prepare a defense and was unduly prejudiced, thus violating his federal constitutional rights.

(C5).  Petitioner's rights were further violated by the trial court sending Patrick Usher's written statement back to the jury during deliberation, along with State Exhibits A through F attached to it. The out-of-court statement contained non-personal knowledge information, with the photographs (Exhibits A through F) being admitted in err because they were not inconsistent statements required by Section 115-10.1 of the Code nor were they personal knowledge items. The fact that Usher's out-of-court statement was read to the jury during the testimony of State witnesses Assistant State's Attorney Terry Riley (R. 697) and Officer Thomas Rogers (R. 788), which is improper standing alone, but to send said out-of-court statement to the jury during deliberation compounds the prejudice and obviously a factor in the wrongful conviction.

(C6).  That based on the facts setforth in paragraphs C1 through C5 supra, its clear the use of Usher's out-of-court statement violated Petitioner's constitutional rights entitling him to the granting of the Writ and the requested relief thereof.

6-B

Continued from page 6, <u>supra</u>.

GROUND FOUR:  Facts in support.

(D1).  Petitioner was deprived of his fundamental right to a fair and impartial trial by the prevasive pattern of prosecutorial misconduct through the trial proceedings, specifically in making the prejudicial statements in closing argument regarding bullet trajectory and bullet type which were not based on the evidence adduced at trial, said conduct being a contributing factor in the wrongful conviction of this Petitioner.

(D2).  The State's Attorney misstated the evidence three times in closing arguments (R. 935; R. 1017-18; R. 1018-19).  Said remarks misrepresented the evidence at trial and prejudiced Petitioner and said prejudice was compounded by the cumulative effect of those improper remarks. Defense counsel's incompetency in failing to object to said remarks does not excuse the State's misconduct, it is further support of how fundamentally unfair Petitioner's trial actually was.

(D3).  That based on the facts setforth in paragraphs D1 and D2 <u>supra</u>, in combination with the constitutional errors in Grounds One through Three <u>supra</u>, its clear Petitioner's constitutional rights have been substantial violated, thus, entitling him to the granting of the Writ and relief requested thereof.

6-C

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing   N/A

(B) At arraignment and plea   Irvin Federman (address unknown)

(C) At trial   Irvin Federman

(D) At sentencing   Michael D. Ettinger, Ettinger, Besbekos & Parisi PC *

(E) On appeal   Joseph A. Parisi, Ettinger, Besbekos & Parisi PC

(F) In any post-conviction proceeding   Herb Goldberg (address unknown)

(G) Other (state): Post-trial proceedings - Michael D. Ettinger
    * /10059 S. Roberts Road, Palos Hills, Illinois 60465.

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES (  )   NO ( X )

Name and location of the court which imposed the sentence:   N/A

Date and length of sentence to be served in the future   N/A

   WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on:   November 27, 2007
            (Date)

_____
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

Julian Jones
(Signature of petitioner)   Julian Jones, Pro Se

R-32359
(I.D. Number)

Menard Correctional Center
(Address)   P.O. Box 711   SU-6-29
            Menard, Illinois 62259

7                                                      Revised: 7/20/05

STATE OF ILLINOIS   )
                    )  SS.
COUNTY OF RANDOLPH  )


## CERTIFICATION OF VERIFICATION

I, Julian Jones, being first duly sworn upon oath, hereby certifies under the penalty of perjury pursuant to 28 U.S.C §1746, that I am the Petitioner in the above-entitled cause, that I have read the attached PETITION FOR WRIT OF HABEAS CORPUS-PERSON IN STATE CUSTODY, which was prepared by a Prisoner At Law assisting me, and I fully understand the claims raised therein, and the facts contained therein are true and correct in substance and in fact based on my personal knowledge, and the facts stated on information and belief are true to the best of my knowledge and belief.

I, Julian Jones, further certifies under the penalty of perjury that I have filed the attached PETITION FOR WRIT OF HABEAS CORPUS-PERSON IN STATE CUSTODY, in a timely fashion, by depositing the same in the internal institutional mail system at the Menard Correctional Center, Menard, Illinois in accordance with IDOC procedure and policy and as required by Rule 3(d) of Rules Governing Section 2254 Cases, with sufficient prepaid postage and properly addressed to the Clerk of this Court and served upon opposing parties on November 27, 2007.


DATE: November 27, 2007                    /s/ Julian Jones
                                           Julian Jones - Affiant