

**FILED**

DEC 0 4 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>  JULIAN JONES, No. R-32359,<br><br>              Petitioner,<br><br>vs.<br><br>DONALD HULICK, Warden<br>  Menard Correctional Center,<br><br>              Respondent. | 07CV6852<br>JUDGE KENDALL<br>MAGISTRATE JUDGE COX<br><br>Case Number of State Court:<br><br>00-CR-26626-92 |

MOTION FOR STAY AND ABEYANCE PROCEDURE

NOW COMES Petitioner, Julian Jones, in propria persona, in the above-entitled cause, pursuant to 28 U.S.C. §2254 et seq., and Rule 7 of the Federal Rules of Civil Procedure, and moves in this Court for an Order for stay and abeyance procedure to be issued with respect to Petitioner's Petition For Writ Of Habeas Corpus By A Person In State Custody and for other such relief deemed necessary, just and appropriate, and in support thereof, states as follows.

(1). Petitioner, Julian Jones ("Petitioner") is filing a timely Petition For Writ of Habeas Corpus By A Person In State Custody with exhausted and unexhausted claims ("H.C. Petition I"), and a timely Petition For Writ Of Habeas Corpus By A Person In State Custody with only exhausted claims ("H.C. Petition II"), on this date of November 27, 2007, in accordance with 28 U.S.C. §2254 et seq. and Rule 3 et seq. of Rules Governing Section 2254 Cases.

(2). Petitioner's deadline for filing his Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C §2244(d)(1)(A) is November 29, 2007, whereas the Illinois Supreme Court denied Petitioner's Petition For Leave To Appeal on November 29, 2006.

(3). Petitioner has been unable to file a State Petition For Post Conviction Relief in accordance with 725 ILCS 5/122-1 et seq., and now, with the assistance of a Prisoner At Law ("PAL") who has agreed to help Petitioner pro bono in the preparing and filing of the State Petition For Post Conviction Relief, will be filing the same at the soonest possible date. The inability to previously file the State Petition was not due to Petitioner's culpable negligence, and Petitioner's claim of "actual innocence" will excuse the delay and overcome any procedural timeliness issues within the State Court.

(4). Petitioner has filed both H.C. Petition I and H.C. Petition II to **ensure**, no matter what the ruling of this Motion may be, that he has timely filed all issues as required by law. The advise from the PAL to Petitioner will be further setforth infra.

(5). The United States Supreme Court addressed this issue in Pliler v. Ford (2004), 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338, and stated, "The stay-and-abeyance procedure involved three steps: first, dismissal of any unexhausted claims from the original mixed habeas petition; second, a stay of the remaining claims, pending exhaustion of the dismissed claims in State court; and third, amendment of the original petition to add newly exhausted claims that relate back to the original petition." Id. at 230-231 (citing Calderon v. United States Dist. Court for Northern District of Cal. ex rel Taylor (9th Cir. 1998), 134 F.3d 981, 986).

(6). Petitioner respectfully asks this Honorable Court to follow the three steps setforth by <u>Pliler</u> in the case <u>sub judice</u> with respects to H.C. Petition I. By dismissing the unexhausted claims in H.C. Petition I, and staying the exhausted claims, which are setforth in H.C. Petition II, until exhaustion of the unexhausted claims, and allow for the amendment of H.C. Petition I to add the newly exhausted claims that then relate back to H.C. Petition I.

(7). That less than a year after <u>Pliler</u>, the United States Supreme Court again addressed the "stay and abeyance" procedure and application of the same in <u>Rhines v. Weber</u> (2005), ___ U.S. ___, 125 S.Ct. 1528, ___ L.Ed.2d ___, and held that District Courts have the discretion to stay a mixed habeas petition to allow Petitioner to exhaust his unexhausted claims in State Court and return to Federal Court for review of his perfected petition. <u>Id.</u> at 1533.

(8). Petitioner's delay in filing a State Petition For Post Conviction Relief was not due to his culpable negligence (<u>See</u>, Par. #3 <u>supra</u>), therefore has good cause for the failure to have exhausted his claims, and the unexhausted claims are not plainly meritless. Petitioner is in no way engaged in intentionally dilatory litigation tactics. Based on the facts and in accordance with <u>Rhines</u>, Petitioner's request for the stay and abeyance procedure is clearly appropriate and a denial of the same would be an abuse of discretion.

(9). Petitioner requests the conditions of the stay for the pursuing of State Court remedies for the brief interval of sixty (60) days after the stay is entered and returning to Federal Court within the brief interval of thirty (30) days after State Court exhaustion is completed.

(10). Petitioner would be unreasonably impaired by the denial of the stay and abeyance procedure of his right to obtain Federal relief. (See, Freeman v. Page (7th Circ. 2000), 208 F.3d 572,577 (Dismissal is not proper when step could jeopardize the timeliness of a collateral attack.); See, also, e.g., Deakins v. Monaghan (1998), 484 U.S. 193, 202-04, 108 S.Ct. 523, 98 L.Ed.2d 529.)

(11). That assuming, arguendo, this Court denies this request for stay and abeyance procedure, Petitioner moves to have H.C. Petition II submitted for review and reserves the right to appeal the denial of this motion in accordance with 28 U.S.C. §2253.

WHEREFORE, Petitioner prays for the Court to issue an Order for stay and abeyance procedure with respect to H.C. Petition I or in the alternate, review H.C. Petition II, and for other such relief deemed necessary, just and appropriate.

Respectfully submitted;

_____
Julian Jones, Pro Se
Reg. No. R-32359
Menard Correctional Center
P.O. Box 711   SU-6-29
Menard, Illinois   62259

STATE OF ILLINOIS   )
                    ) SS.
COUNTY OF RANDOLPH  )

CERTIFICATION OF VERIFICATION

I, Julian Jones, being first duly sworn upon oath, certifies under the penalty of perjury pursuant to 28 U.S.C. §1746, that I am the Petitioner in the above-entitled cause, have read the above Motion For Stay And Abeyance Procedure and the information contained therein is true and correct in substance and in fact to the best of my knowledge and belief and I affix my hand to sign this 27th day of November, 2007, attesting to the truth thereof.

/s/ _____
    Julian Jones, Affiant